IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

MELANIE P. BARR

    Plaintiff,

vs.

UNITEDHEALTHCARE INSURANCE COMPANY,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Melanie P. Barr, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Melanie P. Barr, is a natural person and citizen of the State of Colorado, with a current address of 13687 West 59th Place, Arvada, Colorado 80004.

2. Defendant UnitedHealthcare Insurance Company ("Defendant UHC") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado. Defendant is a foreign corporation and is incorporated in Connecticut. Upon information and belief, this Defendant is the Administrator and/or insurer of the employee benefit plan at issue (specifically the Plan providing disability benefits). The Defendant's registered agent for service of process is the C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

3.  At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of Ellie Mae, Inc. (hereinafter "Ellie Mae"). The Plan, which provides *inter alia* short-term disability ("STD") and long-term disability benefits ("LTD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.*, ("ERISA"). Upon further information and belief, the plan has delegated to UHC its obligation to make all benefit decisions at issue in this claim.

4.  Further, the Plaintiff and Defendant are citizens of different states, and the amount in controversy (including the value of the future insurance benefits) exceeds $75,000.00.

5.  At all pertinent times Plaintiff was an employee of Ellie Mae and a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6.  Thus, and at all pertinent times, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for LTD subject to the terms and conditions of the insurance policy issued by Unum to cover the Plan, and/or the other Plan documents.

## JURISDICTION AND VENUE

7.  This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA §503 and the subject ERISA plan. Jurisdiction is also proper in that the parties are citizens of different states, and the amount in controversy, including unpaid LTD benefits and the value of other benefits, such as a life insurance policy, interest, fees, costs and penalties, if any, exceed the jurisdictional limit of this Court of $75,000.00.

8.     Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein the Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

9.     At all pertinent times, Plaintiff was employed by Ellie Mae as a Field Readiness Manager. She satisfied all eligibility requirements for, and was a participant in the Plan (and/or beneficiary of the Plan) within the meaning of ERISA.

10.    In or around 2017, Plaintiff contracted two significant viral infections, one of which was viral meningitis.

11.    Per her physicians, including a neurologist, primary care doctor and others, she did not fully recover from those infections and developed post-infectious chronic symptoms and autoimmune disease.

12.    Beginning in or around 2018, Plaintiff began to experience multiple co-morbid health issues as a result, including but not limited to debilitating symptoms related to *inter alia* thyroiditis, hyper and hypothyroidism, thyroiditis, tenosynovitis, and thyrotoxicosis.

13.    Plaintiff also suffers from pain due to fibromyalgia, neuropathy, polyarthralgia and other chronic issues.

14.    These medical conditions resulted in debilitating pain, fatigue and cognitive issues, and prohibited Plaintiff at all relevant times from continuing to perform the requirements of her job on a regular and consistent basis, as well as from any other job for which she is reasonably qualified, due to her symptoms.

15. Plaintiff's symptoms also include anxiety and depression, caused directly by her medical condition per several of her medical providers, including based on formal neuropsychological testing.

16. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the Plan, thru UHC, for STD benefits.

17. Defendant approved Plaintiff's STD claim.

18. Plaintiff thereafter filed for LTD which was also approved by Defendant in or around 2018.

19. Ellie Mae thereafter terminated Plaintiff's employment.

20. Plaintiff remained under the care of her physicians, who continued to certify she was under work restrictions.

21. Defendant subsequently denied Plaintiff's claim for LTD multiple times, including in or around December 2022.

22. According to Defendant's latest position, Plaintiff is disabled but is so due to a mental health condition only and LTD is "capped" at 24 months.

23. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document (and/or obtained extensions from Defendant to do so), and requested a review of her claim, including by letters on March 16 and 18, 2024. Plaintiff provided additional medical documentation and other information in support of her claim, including reports from her endocrinologist at the University of Colorado, primary care doctor and therapist. Plaintiff filed her appeal on or before the Plan's deadline.

24. With her appeal, Plaintiff submitted numerous statements from her treating medical providers that she suffers from a physical disease, and that any connected mental health issues are caused by physical disease. This includes, but is not limited to, reports from her primary care doctor, endocrinologist and other providers, as well as her therapist.

25. Plaintiff remains disabled as defined by the policy at this time, and will remain so into the foreseeable future.

26. Defendant formally denied Plaintiff's appeal for LTD benefits by letter on May 17, 2024.

27. Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition and the medical care she required (and recovery therefrom) prevents her from engaging in her own or any other occupation on a regular and consistent basis.

28. Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

29. Defendant has unreasonably rejected Plaintiff's medical evidence, including the statements of her treating providers and objective neuropsych testing, which establishes Plaintiff's cognitive issues are caused by physical disease.

30. Defendant has unreasonably failed to engage with the opinions of the treating doctors.

31. Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

32. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for STD and LTD benefits, as set forth above.

33. At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

34. Defendant otherwise delegated the authority to administer claims for premium waiver benefits by the Plan.

35. At all pertinent times, Plaintiff met the criteria for LTD under the Plan because she was unable to perform the functions of her own occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

36. Upon information and belief, Defendant UHC also insures the Plan.

37. Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

38. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

39. Defendant's wrongful conduct includes, but is not limited to:

    A. Failing to consider all pertinent medical information, including but not limited to laboratory test results, objective testing/data, and the opinions of Plaintiff's treating physicians, and other similar evidence, and/or failing to meaningfully engage with that evidence;

6

  B. Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

  C. Failing to act in Plaintiff's best interests;

  D. Failing to consider credible evidence of functional impairment;

  E. Failing to reasonably interpret and apply the terms of the Plan;

  F. Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of LTD; and/or

  G. Failing to conduct a reasonable investigation.

40. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## DAMAGES

41. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to the loss of LTD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

  A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

  B. An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return Plaintiff to the position Plaintiff

would have obtained in the absence of Defendant's wrongful conduct, including payment of LTD insurance premiums and/or other benefits otherwise covered by the policy;

C. Retroactive reinstatement of Plaintiff's benefits and payment of all back due LTD benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for LTD.

D. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

E. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F. Such other and further relief as this Court deems just and appropriate.

Dated this 23rd day of July, 2024.

Respectfully submitted,

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
counsel@silvernbulger.com

**Plaintiff's address**

13687 West 59th Place
Arvada, Colorado 80004